IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:29CR1 |
| | § | |
| MITCHELL GLENN AILLS | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On May 12, 2014, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Jim Middleton, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Pursuant to a written Plea Agreement, Defendant pled guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class B Felony. This offense carried a statutory maximum imprisonment term of not less than five or more than 40 years. The United States Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. On November 4, 2009, U.S. District Judge Leonard Davis sentenced Defendant to 70 months of imprisonment followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include access to financial information, mental health treatment, and substance abuse testing and treatment. Defendant completed the term of imprisonment and began his period of supervised release on December 31, 2013.

Under the terms of supervised release, Defendant was to participate in a drug treatment and testing program under the guidance of the U.S. Probation Office and to refrain from excessive use of alcohol and not to purchase, possess, use, distribute, or administer any narcotic

or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. In its petition, the government alleges that Defendant violated the term of supervised release when he submitted a urine specimen on January 10 and March 22, 2014 that tested positive for methamphetamine; admitted to the use of methamphetamine on or about January 8, March 15, and March 16, 2014; failed to submit a urine specimen on March 14 and April 21, 2014; and wore a device during scheduled drug testing which was intended to falsify a urine test on April 18, 2014.

Based on 5th Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code §481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade B violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

Should the Court find by a preponderance of the evidence that Defendant violated the conditions of supervised release by using methamphetamine; failing to report for his scheduled urine specimen; and attempting to falsify a urinalysis specimen, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke or extend a term of supervision and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant pled true to the allegations above. The government recommended custody for a term of 12 months plus one day with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Mitchell Glenn Mills be committed to the custody of the Bureau of Prisons for 12 months plus one day with no supervised release to follow. The Court further recommends incarceration at FCI Seagoville, Texas. Defendant is to report to the U.S. Probation Office for urinalysis on March 13 and 14, and to surrender to the U.S. Marshalls on March 14 at 3:00pm.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 15th day of May, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE